**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

D. TOMMY SHELTON and TAMMY L.    )
SHELTON, Individually and as Parents   )
and Next Friends of D.S., a minor,      )
                                    )
           Plaintiffs,       )
                                    )     Case No. 14-CV-461-JED-FHM
v.                              )
                                    )
SAND SPRINGS PUBLIC SCHOOLS    )
INDEPENDENT DISTRICT NO. 2,      )
TULSA COUNTY,               )
                                    )
           Defendant.     )

## OPINION AND ORDER

**I.     Background**

Plaintiffs initiated this action in the Tulsa County District Court, asserting negligence claims under the Oklahoma Governmental Tort Claims Act. (Doc. 2-1). According to the plaintiffs' allegations, D.S., a minor child, was diagnosed with life-threatening allergies in infancy. As a result, before D.S. commenced kindergarten, plaintiffs provided information to the defendant about D.S.'s life threatening allergies, and the plaintiffs and defendant entered into a Plan under Section 504 of the Rehabilitation Act of 1973 (504 Plan) in order to safeguard D.S.'s health and life. (*Id.* at 8-9). The 504 Plan "was extremely detailed on what D.S. could and could not eat, what foods with known allergens he could even be near, seating accommodations, and actions to take by Defendant should D.S. become sick as a result of allergen exposure." (*Id.* at 9). D.S.'s teacher was aware of D.S.'s life-threatening allergies and asthma. (*Id.*). On the afternoon of December 19, 2013, at a school winter holiday party, the teacher seated D.S. "among students whose foods he was not to be around, instead of seating him at a 'safe table' as required by the 504 Plan." (*Id.* at 9-10). As a result, D.S. suffered severe anaphylactic shock,

which required hospitalization for seizures, difficulty breathing, vomiting, and elevated blood sugar levels, and D.S. suffered severe injuries and nearly died. (*Id.* at 10). D.S.'s parents thereafter initiated this negligence suit.

The defendant removed the case on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 2). In support of its contention that the Court has federal question jurisdiction, the defendant asserted that plaintiffs' claims "arise under Section 504 of the Rehabilitation Act of 1973." (*Id.*). Plaintiffs moved to remand, asserting that their Petition includes only state law negligence claims. (Doc. 11). In response to the remand motion, the defendant contends that, because plaintiffs' Petition contains several references to Section 504 and alleges that the defendant failed to act in accordance with D.S.'s 504 Plan, the case presents a substantial federal question and thus "arises under" federal law. (Doc. 12). Defendant admits that the parties are not diverse, such that diversity jurisdiction does not exist. (*See* Doc. 2 at ¶ 3). Thus, the only issue here is whether this Court has jurisdiction based upon a federal question.

## II.     Analysis

The federal question statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064 (2013). First, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* The "creation" test includes "only extremely rare exceptions." *Id.* Second, a case may be said to "arise under federal law" in a "special" and "slim" category of cases where a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities." *Id.* at 1064-65 (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065.

Neither party here argues that "federal law creates the cause of action" asserted by plaintiffs in this case, and the Court does not view this case as meeting the creation test. Therefore, only the second type of federal question jurisdiction is implicated in this case and will be discussed here. The parties do not cite any authority that involves the precise circumstances presented here, where plaintiffs assert, in part, that the defendant's failure to follow a 504 plan amounted to negligence. However, Supreme Court decisions provide guidance in relation to state law negligence claims that may refer to or implicate some federal statute. In *Gunn*, the Supreme Court applied the four requirements set forth above in order to determine whether a legal malpractice claim arose under federal law. 133 S. Ct. at 1064-68. The plaintiff in *Gunn* had been unsuccessful in a federal district court patent infringement suit. After the district court granted summary judgment against the plaintiff in the federal infringement case, the plaintiff moved to reconsider, raising an "experimental use" exception found in federal patent law. The federal district court denied the motion to reconsider. On appeal, the Fifth Circuit Court of Appeals affirmed, concluding that the federal district court had appropriately found the experimental use argument had been waived. The plaintiff then filed the legal malpractice suit against his attorneys in Texas state court, alleging that they were negligent in failing to timely present the experimental use exception in the federal patent infringement action. *Id.* at 1062-63.

The state court granted summary judgment on the malpractice claim, concluding that the plaintiff

had put forward "less than a scintilla of proof" of experimental purpose. *Id.* at 1063.

On appeal to the state appellate courts, the plaintiff in *Gunn* then argued that the state

court did not have subject matter jurisdiction over his legal malpractice claim because that claim

was dependent upon federal patent law, such that the trial court's order should be vacated and the

case dismissed to permit the plaintiff to start over by filing the legal malpractice suit in the

federal district court. The Texas Supreme Court concluded that the plaintiff's claim involved a

"substantial federal issue" under *Grable* "because the success of [the plaintiff's] malpractice

claim is reliant upon the validity of the experimental use exception as a defense...." *Id.*

The United States Supreme Court granted certiorari to determine whether the legal

malpractice claim "arose under" federal law. *Id.* The Court first noted that "resolution of a

federal patent question is 'necessary' to [the plaintiff's] case" because the causation element of

the legal malpractice claim depended upon whether the experimental use exception argument

would have been successful in the federal patent infringement case, which would "necessarily

require application of patent law to the facts" of the case. *Id.* at 1065. The Court also

determined that the federal issue was "actually disputed," such that the second requirement was

met. *Id.* However, the Court held that the federal issue was "not substantial in the relevant

sense." *Id.* at 1066. As to the substantiality requirement, the Court determined that "it is not

enough that the federal issue be significant to the particular parties in the immediate suit; that

will *always* be true when the state claim 'necessarily raise[s]' a disputed federal issue." *Id.*

(emphasis in original). The "substantiality inquiry under *Grable* looks instead to the importance

of the issue to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066. The Court found that,

"although the state courts must answer a question of patent law to resolve [the plaintiff's] legal

4

malpractice claim, their answer will have no broader effects ...[,] will not stand as a binding precedent for any future patent claim [and] will not even affect the validity of [the] patent." *Id.* at 1068. There was accordingly "no 'serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* The Court thus reversed the decision of the Texas Supreme Court and remanded the case. *Id.*

In another case, the Supreme Court determined that state tort claims, which were in part dependent upon alleged violations of the federal Food, Drug, and Cosmetic Act (FDCA), did not "arise under" federal law and, thus, removal of the action to federal court was improper. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813-17 (1986). The analysis in *Merrell Dow* predated *Grable*'s pronouncement that the relevant question in determining the existence of federal question jurisdiction over a state law claim is whether a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Grable*, 545 U.S. at 314. However, the Court in *Grable* did not indicate that the result in *Merrell Dow* would have been any different. Indeed, the Court in *Grable* continued to express concern over the idea of welcoming "any state-law tort case implicating federal law solely because the violation of the federal statute is said to create a rebuttable presumption of negligence under state law," and stated that a "general rule of exercising federal jurisdiction over state claims resting on ... [federal] statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts." *Id.* at 319.

The Court has located a decision of another federal district court on an issue similar to the precise issue presented here. That unpublished case involved the removal of a state law negligence case against school district defendants. *See Wenger v. Town of Easton*, No. 13-CV-

695-MPS, 2013 WL 5445320 (D. Conn. Sept. 30, 2013). The plaintiffs in *Wenger* provided expert disclosures alleging that the school defendants were negligent, in part, for failing to initiate a 504 Plan for assisting a student with ambulating, where the student clearly needed assistance and the school was aware of the student's needs. According to the plaintiffs, as a result of the school's negligence, the student struck her head and was severely injured. The defendants removed the state court action to federal court, and the plaintiffs moved to remand. *Id.* at **2-3. The federal district court determined that the plaintiffs' negligence claims did not "arise under" federal law and that the court lacked subject matter jurisdiction, reasoning in part that the plaintiffs' complaint included only claims for negligence and did not plead a federal cause of action under Section 504. *Id.* at **3-4. The court thus remanded the negligence action to state court. *Id.* at *4.

The Court finds the foregoing decisions analogous on the issue presented here. Assuming that plaintiffs' reference to an alleged violation of the 504 Plan presents a federal question in the context of plaintiffs' state negligence claim, the issue is not "substantial" in the relevant sense. The plaintiffs' Petition asserts a negligence claim under the Oklahoma Governmental Tort Claims Act. (*See* Doc. 2-1 at 6-11). The Petition contains five sections: "I. Jurisdiction"; "II. Oklahoma Governmental Tort Claims Act"; "III. Background"; "IV. Negligence"; and "V. Conclusion." (*Id.*). While the plaintiffs' Petition contains numerous references to D.S.'s 504 Plan and a footnote about the purposes of Section 504 of the Rehabilitation Act, the plaintiffs expressly state that Section 504 is principally an act involving discrimination and they do not allege the elements of any such Section 504 claim, but expressly identify their claim as a negligence claim under Oklahoma law. (*See id.*). It is true that plaintiffs allege, in part, that the defendant was negligent in not seating D.S. at a "safe table" as set forth in

the 504 Plan devised to safeguard D.S. However, the construction of that document, or its requirements, or the knowledge of the defendant or defendant's employees about the 504 Plan and D.S.'s needs, do not present a substantial question of federal law. Accordingly, plaintiffs' negligence claims do not "arise under" federal law, and the Court lacks subject matter jurisdiction. *See Gunn*, 133 S. Ct. at 1065. Remand is thus required. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS THEREFORE ORDERED that the plaintiffs' motion to remand (Doc. 11) is **granted**. The Court hereby **directs** the Court Clerk to **remand** this action to the District Court for Tulsa County, Oklahoma.

SO ORDERED this 20th day of January, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE